UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

IN RE:  
HOLOCAUST VICTIMS ASSETS  
LITIGATION

**ORDER TO SHOW CAUSE**
Nos.   09-cv-3215 (ERK)
         96-cv-4849 (ERK)

------------------------------------------------------------------X

KORMAN, *J.*:

On a number of occasions I have directed the Clerk of the court to give a particular matter in the Holocaust Victim Assets Litigation a separate docket number -- a purely administrative mechanism that keeps all of the filings relating to the matter in one discrete file and that facilitates my ability to keep track of materials as they are filed. I am directing the Clerk to open such a file with respect to this Order to Show Cause, which relates to one of plaintiff's class counsel's, Edward D. Fagan, failure to disclose in his application for reimbursements certain contributions he had received for disbursements of the kind for which he sought reimbursement from the Settlement Fund.

By Order dated December 2, 2002, I made an award to Mr. Fagan of $221,311.61 for his claimed disbursements. In January 2009, however, I learned that Mr. Fagan had failed to disclose that he had received over $185,000 for disbursements of the kind for which I had awarded him reimbursement from the Settlement Fund. By letter dated January 26, 2009, I advised Mr. Fagan that I had learned of at least two contributions, totaling $186,352.50 – one made by another class counsel and the other by a firm involved in the Swiss Bank litigation – to a litigation expense fund managed by Mr. Fagan. (*See* Letter from Judge Korman to Edward Fagan (Jan. 26, 2009).) I advised Mr. Fagan that "had [I] known of the existence of this fund, which [he] had an obligation to disclose, I would not have authorized the [December 2, 2002] award for reimbursement in the amount of $222,311.61 without an explanation." (*Id.*) Thus, I

1

asked that he provide that explanation in writing within thirty (30) days of the January 26, 2009 letter – by February 25, 2009.

Mr. Fagan did not respond until March 2, 2009. (*See* Letter from Edward Fagan to Judge Korman (Mar. 2, 2009).) And his letter did not answer my question. Instead, Mr. Fagan represented – just as he had in his disciplinary proceeding before the New Jersey Supreme Court's Disciplinary Review Board – that he could not provide an explanation as to the more than $185,000 he had received because his files had been "transfer[ed] and tak[en]." (Mar. 2, 2009 Fagan letter.) Mr. Fagan's representation was not true. Indeed, the records had not been taken from him; he abandoned them after the Settlement Fund had made extraordinary efforts to rescue these same files from destruction. (*See* Letter from Judge Korman to Edward Fagan (June 18, 2009)); *In re Edward D. Fagan*, No. XIV-00-135E, DRB 08-143, at 85-87 (N.J. Jan. 16, 2009) (finding that Fagan had "left behind or abandoned" these same records). On June 18, 2009, I again wrote to Mr. Fagan and, once again, asked that he provide a written response to my question within thirty (30) days – by July 19, 2009. (Jun. 18, 2009 Korman letter.) Moreover, I advised Mr. Fagan that "[i]f [he] failed to timely and adequately responds in writing, I intend to issue an order to show cause as to why [he] should not be ordered to return to the Settlement Fund, at the very least, the more than $185,000 [he] failed to disclose in [his] application for disbursements." (*Id.*) Mr. Fagan has still not provided a response.

Therefore, it is hereby ORDERED that Edward D. Fagan provide, within twenty-one (21) days of this Order, an explanation in writing as to why a JUDGMENT in the amount of

2

$186,352.50 should not be entered against him. If Mr. Fagan fails to so respond a JUDGMENT in the amount of $186,352.50 will be entered against him.

SO ORDERED.

Brooklyn, New York
July 31, 2009

s/ Judge Edward R. Korman

―――――――――――――――
Edward R. Korman
United States District Judge