

**New York University**
*A private university in the public service*

School of Law

40 Washington Square South, Room 307
New York, New York 10012-1099
Telephone: (212) 998-6172
Fax: (212) 995-4341
Email: burt.neuborne@nyu.edu

**Burt Neuborne**
*Inez Milholland Professor of Civil Liberties*
*Legal Director, Brennan Center for Justice*

December 3, 2008

Hon. Edward R. Korman
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                     Re: Expenses for Safeguarding
                            Edward Fagan's Files

Your Honor:

      As you may recall, several years ago I received a telephone call from a woman residing in New Jersey in a home that had once belonged to Edward Fagan. She explained that, shortly after moving into the home, she had discovered a number of cartons abandoned in the garage that appeared to be Mr. Fagan's client files. She was seeking advice on what to do with the files. I told her to contact Mr. Fagan and instruct him to remove the files. She informed me that Mr. Fagan had expressed interest in retaining the files, but had not responded to her messages. She did not know where to reach him.

      At my suggestion, she xeroxed several pages and mailed them to me. I reviewed the pages, which appeared to be files involving Holocaust victims. After you and I discussed the matter, we agreed that it would be inappropriate to allow the files to be destroyed, since they might contain information helpful to a member of the plaintiff-class. Accordingly, I arranged for a moving company to pick up the files, and place them in

1

storage. I notified Mr. Fagan, and urged him to take responsibility for his files. I also notified the disciplinary authorities in New Jersey, who expressed strong interest in the files. I arranged for several randomly selected cartons of files to be delivered to my office, where I reviewed the contents. Representatives of the New Jersey disciplinary authorities also reviewed the randomly selected files while they were in my office. I found nothing that appeared of immediate interest to the Swiss Bank litigation. At that point, I once again urged Mr. Fagan to take responsibility for his client files. He never responded.

You have asked me for a recommendation about what to do with the files. We have incurred between $2,000-$3,000 in moving and storage expenses for retrieving the files and keeping them in storage. At this point, I recommend that we pay the moving bill, and the storage costs to date as a reasonable expense of the litigation. The expense was necessary to assure that information of potential assistance to class members was not lost.

However, I do not believe that payment of future storage costs would be justified. At this stage of the litigation, the likelihood of finding information of value to class members in Mr. Fagan's files is very low. I will inform the storage company that the files belong to Mr. Fagan, and that future storage bill must be forwarded to him. I will, of course, make an effort to collect the past costs from Mr. Fagan. I fear, however, that he is not in a position to reimburse the class.

I believe that you have the invoices from the moving company.

Sincerely yours,

Burt Neuborne

2

# CLANCY-CULLEN
## Moving & Storage Company

2339 Cross Bronx Expressway, Bronx, New York 10462

Voice: 800-223-8340
Fax: 718-823-8921
Web: www.clancy-cullen.com

**Invoice**

Invoice Number: 16228

Invoice Date: 10/7/08

Page: 1

Bill To:
NYU SCHOOL OF LAW
ATTN: BURT NEUBORNE
40 WASHINGTON SQ. SOUTH-RM 307
NEW YORK, NY 10012

Customer ID: NYU2

| Customer PO | Payment Terms | Sales Rep ID | Due Date |
|---|---|---|---|
|  | Net Due | 3 | 10/7/08 |

| Description | Amount |
|---|---|
| STORAGE CHARGES: 5/1/06 - 10/31/08 (30 MONTHS @ $96.00 PER MONTH) | 2,880.00 |

*Agent for*
**UNITED**
*Van Lines*

Check No:

Subtotal       2,880.00
Sales Tax
Total Invoice Amount   2,880.00
Payment Received
**TOTAL**       2,880.00