**New York University**
*A private university in the public service*

School of Law

40 Washington Square South, Room 307
New York, New York 10012-1099
Telephone: (212) 998-6172
Fax: (212) 995-4341
Email: burt.neuborne@nyu.edu

**Burt Neuborne**
*Inez Milholland Professor of Civil Liberties*
*Legal Director, Brennan Center for Justice*

March 3, 2009

## Memorandum to Judge Korman

In view of Ed Fagan's outrageous suggestion that we took his files, I enclose three letters in connection with the files. You may recall that he made the same assertion in his New Jersey disbarment proceedings. The disciplinary committee opinion rejects his assertions. If we had not rescued the files, they would have been destroyed. Not only did we not take them, we preserved them at the class's expense.

Burt Neuborne



**New York University**
*A private university in the public service*

School of Law

40 Washington Square South, Room 307
New York, New York 10012-1099
Telephone: (212) 998-6172
Fax:        (212) 995-4341
Email:     burt.neuborne@nyu.edu

**Burt Neuborne**
*Inez Milholland Professor of Civil Liberties*
*Legal Director, Brennan Center for Justice*

December 3, 2008

Hon. Edward R. Korman
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: Expenses for Safeguarding
        Edward Fagan's Files

Your Honor:

  As you may recall, several years ago I received a telephone call from a woman residing in New Jersey in a home that had once belonged to Edward Fagan. She explained that, shortly after moving into the home, she had discovered a number of cartons abandoned in the garage that appeared to be Mr. Fagan's client files. She was seeking advice on what to do with the files. I told her to contact Mr. Fagan and instruct him to remove the files. She informed me that Mr. Fagan had expressed interest in retaining the files, but had not responded to her messages. She did not know where to reach him.

  At my suggestion, she xeroxed several pages and mailed them to me. I reviewed the pages, which appeared to be files involving Holocaust victims. After you and I discussed the matter, we agreed that it would be inappropriate to allow the files to be destroyed, since they might contain information helpful to a member of the plaintiff-class. Accordingly, I arranged for a moving company to pick up the files, and place them in

storage. I notified Mr. Fagan, and urged him to take responsibility for his files. I also notified the disciplinary authorities in New Jersey, who expressed strong interest in the files. I arranged for several randomly selected cartons of files to be delivered to my office, where I reviewed the contents. Representatives of the New Jersey disciplinary authorities also reviewed the randomly selected files while they were in my office. I found nothing that appeared of immediate interest to the Swiss Bank litigation. At that point, I once again urged Mr. Fagan to take responsibility for his client files. He never responded.

You have asked me for a recommendation about what to do with the files. We have incurred between $2,000-$3,000 in moving and storage expenses for retrieving the files and keeping them in storage. At this point, I recommend that we pay the moving bill, and the storage costs to date as a reasonable expense of the litigation. The expense was necessary to assure that information of potential assistance to class members was not lost.

However, I do not believe that payment of future storage costs would be justified. At this stage of the litigation, the likelihood of finding information of value to class members in Mr. Fagan's files is very low. I will inform the storage company that the files belong to Mr. Fagan, and that future storage bill must be forwarded to him. I will, of course, make an effort to collect the past costs from Mr. Fagan. I fear, however, that he is not in a position to reimburse the class.

I believe that you have the invoices from the moving company.

Sincerely yours,

Burt Neuborne

2



**New York University**
*A private university in the public service*

School of Law

40 Washington Square South, Room 307
New York, New York 10012-1099
Telephone: (212) 998-6172
Fax:       (212) 995-4341
Email:     burt.neuborne@nyu.edu

**Burt Neuborne**
*Inez Milholland Professor of Civil Liberties*
*Legal Director, Brennan Center for Justice*

April 20, 2006

Hon. Edward R. Korman
United States Chief District Judge
 for the Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York  11201

      I enclose an invoice in connection with placing Edward Fagan's files in safekeeping in a warehouse in the Bronx. He had apparently abandoned them in the garage of a home that he had once owned in New Jersey. The current owner notified us of the existence of the files, which appear to contain information concerning the claims of class members. I thought it prudent to place the files in a safe place until they could be carefully scrutinized. The New Jersey ethics authorities have also reviewed portions of the files that are relevant to pending proceedings. Mr. Fagan has been notified of the whereabouts of the files.

      Please approve payment of the enclosed invoice.

      Sincerely yours,


      Burt Neuborne



**New York University**
*A private university in the public service*

School of Law

40 Washington Square South, Room 307
New York, New York 10012-1099
Telephone: (212) 998-6172
Fax: (212) 995-4341
Email: burt.neuborne@nyu.edu

**Burt Neuborne**
*Inez Milholland Professor of Civil Liberties*
*Legal Director, Brennan Center for Justice*

December 15, 2008

Edward Fagan
5 Penn Plaza, 23rd floor
New York, New York 10001

Dear Ed:

I was sorry to read about your troubles. I hope that things improve for you.

I wanted to let you know that your files are in storage at Clancy-Cullen Moving and Storage Company, 2339 Cross Bronx Expressway, Bronx, New York 10462. As you recall, I had them transferred and held on your behalf. We have incurred about $4,200 in moving and storage expenses, which the Swiss bank class has paid. I enclose copies of the invoices. I hope that you are in a position to reimburse the class now, or at some point in the future.

I have informed the storage company that the Swiss bank class can no longer defray the storage expenses. I assume that the company will be contacting you directly.

Sincerely yours,

Burt Neuborne

cc: Judge Edward Korman

1