D+T
69CU-345

SUPREME COURT OF NEW JERSEY
Disciplinary Review Board
Docket No. **DRB** 08-143
District **Docket** No. XIV-00-135E

```
                              :
                              :
IN THE MATTER OF              :
                              :
EDWARD D. FAGAN              :
                              :
AN ATTORNEY AT LAW           :
                              :
```

                                        Decision


Argued:     November 20, 2008

Decided:    January 16, 2009

John McGill, III appeared on behalf of the Office of Attorney
Ethics.

Respondent appeared pro se.


    To the Honorable Chief Justice and Associate Justices of
the Supreme Court of New Jersey.

    This matter came before us on a recommendation for
disbarment filed by Special Master Arthur Minuskin, J.S.C.
(Ret.), based on respondent's knowing misappropriation of client

argued that, between 2004 and 2006, and without notice to or permission from him, the OAE seized some of his and his clients' files and "private information," removed them from the "jurisdiction" and gave them to persons who did not have his permission to possess or control them.

With respect to the Ester Sapir affidavit, respondent's counsel sought to have it admitted into evidence during the course of her testimony at the hearing. According to counsel, Ester Sapir had "some demonstrable difficulty with the English language." The affidavit, on the other hand, was prepared with the assistance of her son.

The special master declined to admit the affidavit into evidence because Ester Sapir testified at the hearing, her testimony was the best evidence, he had no difficulty in understanding her testimony, and she had no difficulty in understanding or answering the questions. The special master's reasoning was sound and, based on our review of the record, we find no reason why his decision should be called into question.

With respect to respondent's claim that the OAE improperly seized and withheld his personal and professional records, we find that the facts do not support his assertion. In April 2001, the OAE requested certain records from him, which he claimed to be unable to produce because some of them had been

85

turned over to his former wife's attorney in the divorce proceeding and were not returned.

In March 2004, the OAE requested that respondent produce the original Weisshaus client files. In September 2004, the OAE specifically requested that respondent produce the Oestreicher estate file on the 20th of that month. Although respondent appeared at the September 20th audit, he did not produce the file. He also did not claim that the file had been lost or destroyed. It was not until May 2005 that respondent claimed that the records had been lost when the house that he had rented was torn down — an event that he claimed to have taken place in October 2004.

In March 2006, the purchaser of the home where respondent had been a tenant notified the OAE that she possessed documents that respondent had presumably left behind or abandoned, after his tenancy had ended. At the end of the month, the OAE took possession of the records that were subject to the OAE's request for documents, with the balance of the records having been transferred to a New York University law school professor for safekeeping, pursuant to an agreement between the purchaser and the professor.

On April 5, 2006, the OAE notified counsel for respondent of the existence of the records, both in its possession and in the possession of the professor, and invited him to inspect the documents at the OAE's office. On May 3, 2006, the records were

86

discussed on the record during the hearing, with the parties agreeing that they would be produced and arrangements would be made for them to be copied at Kinko's. Yet, neither respondent nor his counsel ever inspected the documents or arranged for them to be copied. Finally, on May 19, 2006, the OAE returned to respondent's counsel five of the six boxes of documents, plus complete copies of the documents contained in the sixth box.

In short, respondent's claim that, without notice to or permission from him, the OAE seized some of his and his clients' files and "private information," removed them from the "jurisdiction," and gave them to persons who did not have his permission to possess or control them is simply not true.

In light of our finding that respondent knowingly misappropriated client (Sapir) and escrow funds (Oestreicher), we recommend his disbarment, pursuant to In re Wilson, 81 N.J. 451 (1979) (disbarment for attorneys who knowingly misappropriate client funds) and In re Hollendonner, 102 N.J. 21 (1985) (disbarment for attorneys who knowingly misappropriate escrow funds).

We further determine to require respondent to reimburse the Disciplinary Oversight Committee for administrative costs and