UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X
In Re:                                          :           Civil Action #
    Edward D. Fagan                         :           09-cv-3215 (ERK)
-----------------------------------------------X

## AFFIDAVIT OF BIAS PURSUANT TO 28 USC 144
## AND DEMAND FOR RECUSAL PURSUANT TO 28 USC 455 (a) and (b)(1)

Edward D. Fagan, hereby declares and says:

### INTRODUCTION

1. I am a pro se litigant and I submit this Affidavit of Bias in accordance with 28 USC 144 and for recusal pursuant to 28 USC 455 (a) and (b)(1).

2. From a procedural standpoint, I note that I have never been properly served with the originating papers in this new matter.

3. I am aware of the existence of the papers but have never been served with them.

4. As the Court knows, I was disbarred in NY on December 11, 2008 and have not been eligible to be served with papers electronically since then.

5. I am aware that Judge Korman has *sua sponte* caused an action to be docketed / opened against me, and Judge Korman is alleging that I failed to disclose information related to an application for fee and expense reimbursement that was made in the case entitled In Re: Holocaust Victims Assets Litigation 96-cv-4849 (ERK) ("The Swiss Banks Case") some 8 years ago and which the Court has now decided it wishes to revisit.

6. The opening papers and supporting documents in this case that was opened against me have never been properly served.

7. As explained below, I submit this Affidavit to briefly demonstrate Judge Korman's bias and prejudice against me, favoritism toward Burt Neuborne (who is involved with the

1

issue of my fees and expenses and other issues) and Judge Korman's use of this attempt to put additional improper and meritless improper economic pressure on me in an attempt to insulate himself, the Court and Burt Neuborne for of the extra-judicial acts that they took or in which they were engaged against me.

### EXTRA-JUDICIAL ACTS, BIAS & PREJUDICE AGAINST ME

8. I was one of the Plaintiffs' Executive Committee in The Swiss Banks Case.

9. For reasons unbeknownst to me, certain animus developed between Judge Korman and Burt Neuborne and me.

10. From 1999 to the present, I am advised that Judge Korman has made disparaging, insulting, prejudicial and biased comments about me in public.

11. From 1999 to the present, I know of disparaging, insulting and hostile comments about me in public.

### PREJUDICE & BIAS AGAINST ME IN RELATION TO FEES & EXPENSES

12. In 2002, Judge Korman exceeded his authority by unilaterally stripping me of a $250,000 fee for representation and work I did for a whistleblower who had a separate tort claim against the Swiss Banks and who I represented independent of The Swiss Banks Case and for whom a $1 million settlement was negotiated by me on his behalf.

13. I was not given notice by Judge Korman of his intention to deprive me of my $250,000 fee and I only learned of it after I discovered through the media that Judge Korman had authorized a direct payment to my client – who he knew was represented by counsel – and to whom Judge Korman authorized payment of a settlement which payment violated my rights and my lien under NY Judiciary law.

14. I objected and demanded that Judge Korman authorize the release of my $250,000 in attorney's fees and reimbursement of expenses from that settlement.

2

15. Judge Korman refused and in the process interfered with my rights and the former client's rights based on the $ 1 million settlement.

16. In the end, Judge Korman – without authority – simply stripped me of my attorney's fee for the personal injury award and simply took my money and put it back into the Victims Settlement Fund.

17. I objected but got nowhere.

## FEES & EXPENSES DUE IN THE SWISS BANKS CASE

18. Judge Korman is biased and prejudiced and is a witness to the deal that was made through which my entitlement to fees and expenses in The Swiss Banks Case was requested, objected to, negotiated and finally settled.

19. Judge Korman's recent suggestion that anything was kept from the Court is factually incorrect and demonstrates his bias, prejudice and improper actions.

20. My original fee application was in excess of $ 3.9 million.

21. Judge Korman's appointee and designated representative, Burt Neuborne, objected to my application and filed multiple Affidavits against me and my entitlement.

22. In an effort to avoid public fighting at a time when other Holocaust cases were ongoing and to attempt to minimize disagreements with the Court, I modified my application for fees and expense reimbursement three times. Every time, I attempted to accommodate and compromise, Judge Korman and Burt Neuborne both fought against me, and four separate Affidavits were filed by Burt Neuborne in relation to my application.

23. I retained counsel, Hal Lieberman, to help negotiate my fee and expense reimbursement.

24. There were face to face meetings, there were telephone conferences with the Court and Burt Neuborne, there were exchanges of draft Orders, amended applications for fees and expense reimbursements.

3

25. Judge Korman told me that no matter what my actual entitlement was, now matter what the equities were, no matter how justified my applications were, he would never allow me to receive a combined total of fees and expense reimbursement of more than $ 1 million.

26. At the time, I was going through a horrible divorce and the delays in resolving my fees and expense reimbursements were causing stress for my family and me. I informed Judge Korman and Burt Neuborne of this and they used it against me to force me to compromise on my fee and expense reimbursement entitlement.

27. I got Judge Korman to agree to award $ 400,000 to some of my former clients who were instrumental in bringing and advancing The Swiss Banks Case and whose claims were rejected by The Swiss Bank claims committees.

28. Judge Korman insisted that before he would agree to my receiving the award for fees and expenses, I had to agree not to appeal the award, had to confirm in writing that I had reviewed the proposed Order and consented to it and would accept and not appeal the award of fees and expense reimbursements.

29. Judge Korman also insisted on including language in which I agreed to waive my rights to the $250,000 personal injury settlement of which he improperly stripped from me.

30. From October to December 2002, the issues of my fees and expense reimbursements was the subject of negotiations, discussions, investigations, questioning, conferences, meetings, between my counsel Mr. Lieberman, Judge Korman, Burt Neuborne and me.

31. I ultimately accepted an agreement in which I was literally screwed out of millions of dollars in fees and hundreds of thousands of dollars in expense reimbursements, all because Judge Korman had arbitrarily determined that he would not allow me to receive more than $ 1 million in combined fees and expense reimbursement.

32. In the end, I was "awarded" $750,000 in fees and $222,311.61 in expense reimbursement.

4

33. Judge Korman kept to his word and refused to allow me to receive more than $1 million – the total was $972,311,61.

34. Aside from periodic disparaging comments that I would hear emanating from or attributed to Judge Korman or Burt Neuborne, I heard nothing more about my fees and expense reimbursement.

35. That is, nothing was heard until I discovered that Burt Neuborne and Judge Korman were involved with the improper and unlawful taking of my files, without notice to me.

## JUDGE KORMAN AND BURT NEUBORNE ASSISTED IN THE UNLAWFUL TAKING OF MY FILES

36. In late December 2008/early January 2009, I discovered that Judge Korman was involved with an unlawful taking of my files by officials of the State of New Jersey (without a warrant) under the pretense that my files were "discovered" to have been abandoned and that Judge Korman and Burt Neuborne were trying to protect Holocaust victim files.

37. Judge Korman and Burt Neuborne suggested that when they were approached about my supposedly abandoned files they and others tried to reach me; however, I could not be located or I did not respond.

38. These statements by Judge Korman and Burt Neuborne are false and appear to have been made for the apparent purpose of attempting to insulate themselves and others against claims I was making or was about to make related to the unlawful taking of my files and the violation of my rights resulting from the unlawful taking of my files.

39. Judge Korman and Burt Neuborne apparently did not think in necessary to check with other witnesses to see if the story they (Judge Korman and Burt Neuborne) were telling me about the circumstances surrounding the taking of my files (in which Judge Korman and Burt Neuborne were involved) was consistent with statements made by the others.

5

## RECENT EFFORTS BY JUDGE KORMAN AND BURT NEUBORNE ARE THEIR ATTEMPTS TO MINIMIZE OR INSULATE AGAINST THE DAMAGE CLAIMS FOR THEIR INVOLVMENT WITH THE UNLAWFUL TAKING OF MY FILES

40. I informed Judge Korman and Burt Neuborne that I considered their conduct was improper and that I was and would be making liability claims for damages related to the unlawful taking of my files.

41. It was only then that the issue of my entitlement to and the 2002 award of Fees and Expenses in The Swiss Banks Case became an issue.

42. So, seven to eight years after I was forced into a deal to accept millions of dollars less in fees and expense reimbursement, and seven to eight years after I was wrongfully deprived of my entitlement to a $ 250,000 fee in an independent personal injury case and only a few months after Judge Korman is informed that I intend to pursue and claim for Judge Korman's and Burt Neuborne's involved with the taking of my files, all of a sudden Judge Korman demands that I provide him with explanations and now show cause as to why I should not have to pay back money in The Swiss Banks Case and provide evidence, which would have to include documents, that Judge Korman and others helped, to be unlawfully seized from me.

43. Any reasonable person viewing these facts can see that Judge Korman's conduct is motivated by bias, prejudice and favoritism.

44. Further, Judge Korman is also a necessary witness because my fees and expenses were the subject of negotiations with him, not as arbitrator, or not mediator and even neutral arbiter fact. Judge Korman turned himself into my adversary on the issue of my fees and expenses and unilaterally determined that he would not allow me to earn more than $ 1 million no matter what were the facts and what was my actual entitlement.

6

45. I welcome the opportunity to have this matter addressed at a formal hearing where a proper record can be made before a neutral Judge to whom this matter can and should be assigned (just as Judge Korman recused himself on the issue of Burt Neuborne's own multi-million fee application in The Swiss Banks Case).

46. At that time, it will be necessary to elicit evidence from Burt Neuborne and Judge Korman on the facts as I have stated them above. Further at that time, I will demand that my original application for fees and expense reimbursement be reinstated so that monies to which I was entitled can be awarded for the benefit of certain Holocaust victims, survivors and their heirs[1], who I have come to learn have been deprived of many monies, awards and other benefits which they should have received but which were diverted to organizations or used to pay the multi-millions in administrative expenses to date.

47. With this Affidavit, I am submitting some of the documents that I was able to retrieve from the files in The Swiss Banks Case that confirm the above facts. However, many of the documents necessary are not in the public files and I will submit a separate listing of those files that are missing so the Court can locate and return them to the file.

48. I reserve the right to submit additional documents.

## CONCLUSION

49. In view of the foregoing, I pray that the Court convene the hearing on this Affidavit of Bias at its earliest convenience.

---

[1] My intention is that any entitlement based upon my original application of $3.9 + million in The Swiss Banks Case and the $250,000 that Judge Korman took from me in the personal injury case should be divided amongst Holocaust victims survivors or their heirs (as per my 2002 Award) or to worthy survivor organizations, or educational, research or eleemosynary institutions based on my recommendations, and with a portion reserved for my children. I personally will receive nothing from these monies.

7

50. The foregoing statements are true to the best of my knowledge, information and belief and based on documents to which I have access, and they are also made in accordance with 28 USC § 1746.

Dated: August 21, 2009
Short Hills, NJ

*[signature]*
Edward D. Fagan

D+7

# EDWARDS & ANGELL, LLP

COUNSELLORS AT LAW

since 1894

**Hal Lieberman**
Direct Dial: (212) 756-0220
E-Mail: hlieberman@ealaw.com

750 LEXINGTON AVENUE
NEW YORK, NY 10022-1200
(212) 308-4411
FAX (212) 308-4844

November 22, 2002

**VIA FEDERAL EXPRESS**

Hon. Edward R. Korman
United States Courthouse for the
   Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 2 7 2002 ★
P.M. _____
TIME A.M. _____

Re: Ins Re Holocaust Victims Assets
No. 96 CIV 4849 (EDNY) (ERK)

Dear Judge Korman:

I write with respect to the amended attorney fee application submitted by my client, Edward D. Fagan, Esq., in connection with the above referenced case. Parenthetically, we very much appreciate your patience and consideration, along with Burt Neuborne, in meeting with us on November 8, 2002 to discuss and resolve this matter. After further discussions with my client, with Prof. Neuborne, and with David de Andrade, counsel to a judgment – creditor of Mr. Fagan's, I would like to confirm that we have reached an amicable agreement with Mr. de Andrade as to the payment of the outstanding judgment against Mr. Fagan. Attached hereto is an e-mail from Mr. de Andrade setting forth our arrangement.

I understand from Prof. Neuborne that you have reserved decision as to reimbursement of approximately $102,500 in expenses which Mr. Fagan paid in connection with creation of the victims' database. Mr. Fagan respectfully asks that you give careful consideration to that outstanding issue, and is submitting under separate cover a supplemental declaration addressing the issue and hopefully providing whatever additional information you need to make an informed judgment as to the value of the database to the class.

Finally, let me represent on behalf of Mr. Fagan that he fully accepts the fee award that was discussed and agreed to on November 8, 2002, and will not appeal from that amount. In terms of the mechanics, may we have the check or checks for the fee and disbursements payable jointly to "Edward D. Fagan, Esq." and to "Edwards & Angell, LLP, As Attorneys for Edward D. Fagan, Esq?"

1480

NYC_132777_1.DOC/HLIEBERMAN

       Thank you again for your careful attention to this matter. Please let me know if you require any additional information or clarification.

                                       Very truly yours,

                                       Hal R. Lieberman

HRL:km

cc: Prof. Burt Neuborne (Via fax (212) 995-4341)

    Edward D. Fagan, Esq.
    David de Andrade, Esq.

NYC_132777_1.DOC/HLIEBERMAN

# EDWARDS & ANGELL, LLP

COUNSELLORS AT LAW

*since 1894*
**Hal Lieberman**
Direct Dial: (212) 756-0220
E-Mail: hlieberman@ealaw.com

750 LEXINGTON AVENUE
NEW YORK, NY 10022-1200
(212) 308-4411
FAX (212) 308-4844

November 27, 2002

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 04 2002 ★

P.M. _____
TIME A.M. _____

**VIA FEDERAL EXPRESS**

Hon. Edward R. Korman
United States Courthouse for the
  Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Ins Re Holocaust Victims Assets
     No. 96 CIV 4849 (EDNY) (ERK)

Dear Judge Korman:

Enclosed is a copy of Mr. Fagan's letter accepting without qualification your determination with respect to his fee and disbursements application in the above-referenced matter.

Please let me know if anything further is required before you can issue an order. Again, thank you for your considerable patience.

Very truly yours,

*[signature]*

Hal R. Lieberman

HRL:ghb
Enclosure

cc: Prof. Burt Neuborne ( via fax (212) 995-4341)
    Edward D. Fagan, Esq.

NYC_133367_1/HLIEBERMAN

# Fagan & Associates
*Attorneys & Counselors at Law*
301 South Livingston Avenue, 2nd Floor
Livingston, New Jersey 07039
Tel. (973) 535-3100 & Fax. (973) 535-3373

*Also Admitted in NY*

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y. November 27, 2002

DEC 0 3 2002 ★

Honorable Edward R. Korman, Chief Judge
United States District Court
Eastern District of New York
225 Cadman Plaza West - 4th Floor
Brooklyn, NY

P.M. _____
TIME A.M. _____

Re: *In Re: Holocaust Victims Assets Litigation, 96 CIV 4849 (ERK)*

Dear Judge Korman:

I understand the parameters of the Court's award as it relates to fees and reimbursement of expenses. Specifically, I understand that the Court is prepared to award me personally $750,000 as fees, $400,000 as payments to certain Holocaust victims ($100,000 to Mrs. Weisshaus and $75,000 each to Mrs. Fisher, Mrs. Nagel, Mrs. Schlinger and Dr. Lustmann, and $222,311.61 as reimbursement of expenses. I understand that the Court was not prepared to award the last $50,000 for the database.

By this letter, I am specifically informing the Court that I will accept this award and will not appeal same.

I would like to especially thank the Court, Prof. Neuborne and my lawyer Mr. Lieberman for their patience in amicably resolving this matter.

Respectfully submitted,

Edward D. Fagan

EDF/me
Cc: Prof. Burt Neuborne
    Hal Lieberman Esq.

# Fagan & Associates
*Attorneys & Counselors at Law*
301 South Livingston Avenue, 2nd Floor
Livingston, New Jersey 07039
Tel. (973) 535-3100 & Fax. (973) 535-3373

*Also Admitted in NY*

Via (718) 26-2478
Honorable Edward R. Korman, Chief Judge
United States District Court
Eastern District of New York
225 Cadman Plaza West, Chambers 4th Floor
Brooklyn, NY

December 4, 2002

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.
DEC 1 0 2002
TIME A.M. ___ P.M. ___

*In Re: Holocaust Victim Assets Litigation, CV- 96-4849 (ERK) (MDG)
consolidated with CV-96-5161 and CV-96-461*

Dear Judge Korman:

I have reviewed the draft Order granting my amended request for attorneys' fees and expenses in the above referenced matter that has been forwarded to my by my lawyer Mr. Lieberman this afternoon at approximately 4:30 pm

I understand that the Court has requested that I provide a letter indicating that I accept the terms of that draft Order. I hereby confirm that I accept the terms as they have been presented to me.

I should like to finally that the Court, Prof. Neuborne and of course my counsel Mr. Lieberman for their efforts in bringing this matter to an amicable resolution.

Respectfully submitted,

Edward D. Fagan

Cc:  Prof. Burt Neuborne – *via fax*
     Hal Lieberman Esq. – *via fax*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 0 9 2002 ★
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE:
HOLOCAUST VICTIM ASSETS
LITIGATION

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 99-5161
and CV 97-461)

------------------------------------------------------------

This Document Relates to: All Cases

**ORDER GRANTING APPLICATION
FOR ATTORNEY'S FEES AND
EXPENSES TO EDWARD D. FAGAN**

------------------------------------------------------------X

KORMAN, Chief Judge:

Edward D. Fagan, filed an application for counsel fees of $3,980,824.90. This reflects a lodestar of $1,738,351.50 multiplied by 2.29%. Mr. Fagan also seeks an additional $250,000 in fees for representing Christopher Meili. Mr. Meili's claim against the defendants was settled for $1,000,000.00 from which Mr. Fagan was to recover 25%. When Mr. Meili received the money due from the Settlement Fund for the release of his claims against the defendants, the $250,000 due Mr. Fagan was challenged and withheld for reasons that are not material.

The Fourth Supplemental Affidavit of Professor Neuborne filed on November 6, 2002, recommends that Mr. Fagan's application be resolved as follows:

$750,000......payable to Edward Fagan

$400,000......payable to five members of the plaintiff-class
whose efforts materially aided the plaintiff-class:

Gisella Weisshauss....$100,000
Alice Fischer..............$ 75,000
Naomi Nagel..............$ 75,000
Rudolfine Schlinger...$ 75,000
Joshua Lustman..........$ 75,000

This recommendation, which Mr. Fagan has accepted, is in complete satisfaction of Mr. Fagan's claim for fees. Mr. Fagan is also awarded disbursements in the sum of $222,311.61, the amount he requested, after the deduction of $50,000 he had sought for the enhancement of a database he had created. Mr. Fagan has agreed to accept this amount in complete satisfaction of his claim for disbursements.

The signatories to the Settlement Fund are directed to pay the foregoing fees of $750,000 payable to Edward Fagan and his attorneys, Edwards & Langell, and $100,000 payable to Gisella Weisshauss, $75,000 to Alice Fischer, $75,000 to Naomi Nagel, $75,000 to Rudolfine Schlinger, and $75,000 to Joshua Lustman.

The signatories of the Settlement Fund are also directed to reimburse Edward Fagan for disbursements in the amount of $222,311.69. This sum is to be paid to Edward Fagan and his attorneys Edwards & Langell.

**SO ORDERED:**

Brooklyn, New York
December 4, 2002

Edward R. Korman
United States Chief District Judge